UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOAO ELIAS COSTA JACOB,<br><br>                    Plaintiff,<br><br>-against-<br><br>HARLEM HOSPITAL CENTER; NEW YORK CITY HEALTH AND HOSPITALS CORP.; JOHN DOE DENTIST/ORAL SURGEON,<br><br>                    Defendants. | 24-CV-3861 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the court's federal question jurisdiction and alleges that Defendants breached their professional duties. Plaintiff sues Harlem Hospital Center; New York City Health + Hospitals Corporation ("H+H"); and a John Doe "dentist/oral surgeon" at Harlem Hospital. (ECF 1, at 4.) By order dated May 25, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings his claims using the court's general complaint form. He checks the box on the form to invoke the court's federal question jurisdiction, and, in response to the question asking which of his federal constitutional or federal statutory rights were violated, Plaintiff states that Defendants "breached their professional duty owed to [him] as a patient." (ECF 1, at 2.)

The following allegations are taken from the complaint. On November 15, 2021, Plaintiff saw a John Doe doctor at Harlem Hospital for oral surgery to remove his wisdom teeth. He was told it would be a "simple procedure under anesthesia" with a one-to-two-week recovery period and "little to no risk of long-term" side effects. (*Id.* at 5.) The doctor "failed to properly

administer anesthesia" during the first and second attempts to do so, "resulting in extreme pain during the entire surgery as [Plaintiff] felt every part of the tooth cracking and subsequent extraction." (*Id.*) He maintains that Defendants failed to adequately inform him of the "risk of nerve damage or make any attempt to resolve" the pain he experienced during the surgery. (*Id.*) Plaintiff attempted to follow up with Harlem Hospital and the doctor in the weeks following the surgery, but he was told to "continue waiting for the symptoms to resolve [themselves] in a range of weeks to a year." (*Id.*)

On September 30, 2023, Plaintiff again contacted Harlem Hospital regarding the "still present pain," and he was referred to see a specialist who would be "available in 5-7 months." (*Id.*) As of April 18, 2024, Plaintiff is "still receiving bills in the amount of $600 for this phone call." (*Id.* at 6.) Plaintiff further alleges that Harlem Hospital has refused to disclose the name of the doctor who performed his surgery.

Plaintiff suffers from "[n]erve trauma" causing constant pain and numbness in the affected area. (*Id.*)

Plaintiff seeks $750 "for an appointment with an oral surgeon" who better understands his situation; $300 to fix a broken tooth caused by the procedure; and $50,000 in lost wages. (*Id.*)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v.*

*CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Here, although Plaintiff invokes federal question jurisdiction, his allegations do not suggest a viable claim under federal law. Plaintiff's allegations instead suggest that he is attempting to bring claims for medical malpractice. Such claims arise under state law, not federal law. Accordingly, the Court lacks federal question jurisdiction of this action.

In order to consider state law claims, Plaintiff would have to allege facts demonstrating that the Court has diversity of citizenship jurisdiction of his state law claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in

4

excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff alleges that both he and Defendants Harlem Hospital Center and H+H reside in the State of New York. Moreover, Plaintiff seeks only $51,050 in damages, far below the $75,000 jurisdictional threshold. The Court therefore lacks diversity of citizenship jurisdiction of this action.

For these reasons, the Court dismisses this action for lack of subject matter jurisdiction. Plaintiff's claims are dismissed without prejudice to his raising them in an appropriate state court.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: August 6, 2024
New York, New York

>                /s/ Laura Taylor Swain
>                LAURA TAYLOR SWAIN
>                Chief United States District Judge